ALCOHOLIC BEVERAGE CONTROL LAW, § 128.
Part-time employment of a member of the police force of the City of Kingston would not conflict with the provisions of Alcoholic Beverage Control Law, § 128, where his work would be in a warehouse wherein alcoholic beverages are stored and loaded for delivery to retail establishments when in such capacity he would have no contact whatsoever with the public nor would any monies be transferred in his presence and provided that he is compensated on a salary basis only and is not an officer or stockholder in the company for which he works.
HON. AARON F. KLEIN Corporation Counsel, Kingston
This is in response to the letter of Andrew J. Gilday, Assistant Corporation Counsel, dated November 24, 1976, wherein he asks for an opinion of the Attorney General relating to the following. Mr. Gilday refers to Alcoholic Beverage Control Law, § 128 and states that one of the members of the police force of the City of Kingston desires to obtain part-time work in a warehouse wherein alcoholic beverages are stored and loaded for delivery to retail establishments and in such capacity he would have no contact whatsoever with the public nor would any monies be transferred in his presence. He asks whether or not such employment would be in violation of said Alcoholic Beverage Control Law, § 128.
Alcoholic Beverage Control Law, § 128(1), provides:
 "1. It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. The solicitation or recommendation made to any licensee, to purchase any alcoholic beverages by any police official or subordinate as hereinabove described, shall be presumptive evidence of the interest of such official or subordinate in the manufacture or sale of alcoholic beverages." (Emphasis supplied.)
In 1957 Atty. Gen. [Inf.] 17, we interpreted the provisions of Alcoholic Beverage Control Law, § 128, by concluding that an employee of a bottling company, whose sole duties related to loading of trucks which transported soft drinks and beer and who was compensated on a salary basis only and was not an officer or stockholder in the company by which he was employed, was not interested in the sale of alcoholic beverages within the contemplation of Alcoholic Beverage Control Law, § 128. Our conclusion was also premised by the fact that the employee in question was paid a straight salary and received no commission or other compensation which was related to the amount of the company's business.
Accordingly, we conclude that part-time employment of a member of the police force of the City of Kingston would not conflict with the provisions of Alcoholic Beverage Control Law, § 128, where his work would be in a warehouse wherein alcoholic beverages are stored and loaded for delivery to retail establishments when in such capacity he would have no contact whatsoever with the public nor would any monies be transferred in his presence and provided that he is compensated on a salary basis only and is not an officer or stockholder in the company for which he works.